```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/9/2021__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

WILLIAM SCOTT,

                Defendant.

21 Cr. 429 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendant, William Scott, moves to suppress identification evidence on the ground that the identification procedures were unduly suggestive. ECF No. 12. For the reasons stated below, Defendant's motion is DENIED.

## BACKGROUND[1]

    The prosecution alleges that on June 23, 2020, on East 183rd Street in the Bronx, Defendant walked down the street and shot twice at an individual (the "Victim") with a firearm, before another person on the street (the "Witness") approached and confronted Defendant. Gov't Opp'n at 2, ECF No. 18; Gov't Ex. A at 6:43–7:20.[2] Defendant left the scene; the Victim and the Witness went to the hospital. Gov't Opp'n at 2.

    At the hospital, the Witness told a New York Police Department ("NYPD") detective that the shooter's name was "Ill Will," a neighbor, who she saw daily. *Id.* at 2. The detective showed the Witness two pictures of men who had recently committed shootings in the area, as well as a picture of the Victim; the Witness said none of them was the shooter. *Id.* The detective's colleague stated that "Ill Will" was Defendant's street name. *Id.* The detective showed the Witness a photograph of Defendant, and the Witness identified Defendant as the shooter. *Id.*

---

[1] These facts are drawn from the indictment, ECF No. 1, and the Government's proffer in its opposition brief, ECF No. 18.
[2] The Government submitted its Exhibits A and B to the Court via the Government's file sharing platform. Time stamps refer to the time elapsed in the videos.

Also at the hospital, the Victim told a second NYPD detective that "'Ill Will,' the shooter, was his neighbor, who he sees on a daily basis, and that 'Ill Will' was wearing a white shirt and red shorts." *Id.* The detective showed the Victim a photograph of Defendant, and the Victim confirmed that Defendant was the shooter. *Id.*

## DISCUSSION

I. <u>Legal Standard</u>

It is well established that evidence of "[a] prior identification will be excluded only if the procedure that produced the identification is 'so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law.'" *U.S. v. Salameh*, 152 F.3d 88, 125 (2d Cir. 1998) (citation omitted). A court must evaluate a pretrial identification, when challenged, using a one or two-step inquiry. "The first question is whether the pretrial identification procedures were unduly suggestive of the suspect's guilt." *U.S. v. Maldonado–Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). If they were not, the identification is "generally admissible without further inquiry into the reliability of the pretrial identification." *Id.* "If the pretrial procedures were unduly suggestive, the analysis requires a second step; the court must then weigh the suggestiveness of the pretrial process against factors suggesting that an in-court identification may be independently reliable rather than the product of the earlier suggestive procedures." *Id.* (citations omitted).

Significantly, a defendant "may not baldly request" a hearing into the admissibility of pretrial identification evidence—commonly known as a *Wade* hearing. *U.S. v. Berganza*, No. 03 Cr. 987, 2005 WL 372045, at *10 (S.D.N.Y. Feb. 16, 2005). To be entitled to a hearing, a defendant must instead "allege facts supporting his contention that the identification procedures used were impermissibly suggestive. A 'threshold showing' of suggestiveness is necessary in

order to trigger a *Wade* hearing." *Id.*; *see also U.S. v. Swain*, No. 08 Cr. 1175, 2011 WL 4348142, at *7 (S.D.N.Y. Aug. 16, 2011).

    II.    <u>Analysis</u>

        A.    Motion to Suppress

Defendant challenges whether the unsworn statements in the Government's opposition brief can meet the Government's burden. Def. Reply at 3–4, ECF No. 15. However, "the [G]overnment is not required to submit affidavits to make a sufficient showing that identifications are independently reliable, and indeed courts often rely on the representations of the [G]overnment in denying requests for *Wade* hearings." *United States v. Sosa*, No. 17 Cr. 580, 2018 WL 4659472, at *3 (S.D.N.Y. Sept. 12, 2018); *see also United States v. Salomon-Mendez*, 992 F. Supp. 2d 340, 344 (S.D.N.Y. 2014). Defendant concedes that discovery produced by the Government confirms that the Witness named the shooter as "Ill Will", and the Victim knew "Ill Will" from the neighborhood. Def. Reply at 3. But, Defendant does not raise any non-speculative suggestion that the Government's proffer is false. Therefore, the Court concludes that it may rely on the Government's unsworn proffer. *United States v. Ramos-Cruz*, No. 11 Cr. 151-A, 2014 WL 9931353, at *2 (W.D.N.Y. July 15, 2014), *report and recommendation adopted sub nom. United States v. Hidalgo*, No. 11 Cr. 151, 2015 WL 3853071 (W.D.N.Y. June 17, 2015).

As for step one of the pretrial identification inquiry, the Court holds that the identification process here was unduly suggestive. Courts have found single-photo identification procedures suggestive, even when confirming a witness's prior identification. *See, e.g.*, *United States v. Crumble*, No. 18 Cr. 32, 2018 WL 1737642, at *1 (E.D.N.Y. Apr. 11, 2018); *United States v. Reed*, No. 11 Cr. 487, 2012 WL 2053758, at *5 (S.D.N.Y. June 6, 2012). Moreover, the

Government has not proffered specific information regarding the identification procedures here that would lead the Court to conclude that the use of a single-photo identification was not suggestive.

However, even if the identification was suggestive, the identification passes the second step of the inquiry: there is an independently reliable basis for an in-court identification. When considering whether such independent reliability exists, courts consider the factors identified in *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972):

> (1) a witness's opportunity to view a criminal during the crime, (2) the witness's degree of attention, (3) the accuracy of any prior description of the criminal by the witness, (4) the level of certainty demonstrated by the witness at the time of the confrontation, and (5) the length of time between the crime and the confrontation.

*Wiggins v. Greiner*, 132 F. App'x 861, 864–65 (2d Cir. 2005). Here, the Witness viewed the man alleged to be Defendant in broad daylight, when he emerged from the building, Gov't Ex. A at 4:49–5:06, as she watched him walk down the street towards the Victim, 6:50–6:59, as she saw Defendant shoot at the Victim, 6:59–7:08, and as she spoke to Defendant directly and from a short distance, *id.* at 7:08–7:20. The Victim viewed him when he emerged from the building, and when the Victim retreated from him and watched Defendant shoot at the Victim. *Id.* at 4:49–7:20. Moreover, the identification occurred at the hospital "shortly after" the shooting. Gov't Opp'n at 2; *cf. Wiggins*, 132 F. App'x at 865–66 (holding that one week after a crime was a short enough lapse not to be worrisome). And, most significantly, both the Victim and the Witness identified Defendant by name prior to being shown the photographs, both were Defendant's neighbors and familiar with Defendant's moniker "Ill Will", and both saw him daily. Gov't Opp'n at 2. Therefore, showing the Victim and the Witness the photographs amounted to merely confirmatory identifications, which, along with the other circumstances of the identification, create a basis for an independently reliable in-court identification. *See*

*Wiggins*, 132 F. App'x at 864–66; *United States v. Sosa*, No. 17 Cr. 580, 2018 WL 4659472, at *3 (S.D.N.Y. Sept. 12, 2018); *Watson v. City of New York*, 289 F. Supp. 3d 398, 408–09 (E.D.N.Y. 2018); *United States v. Donald*, No. 07 Cr. 6208L, 2009 WL 960209, at *1 (W.D.N.Y. Apr. 7, 2009).

    B. *Wade* Hearing

The Court additionally concludes that a *Wade* hearing is not necessary. "A defendant is entitled to an evidentiary hearing on a motion to suppress only if the defendant establishes a contested issue of material fact." *United States v. Noble*, No. 07 Cr. 284, 2008 WL 140966, at *1 (S.D.N.Y. Jan. 11, 2008). This requires a defendant's moving papers to be "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the [procedure] are in question." *United States v. Martinez*, 992 F. Supp. 2d 322, 325–26 (S.D.N.Y. 2014) (quoting *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)). The defendant must, therefore, submit "an affidavit by someone with personal knowledge that disputed facts exist." *Id.* (collecting cases).

Defendant contends that the Government has not sufficiently shown that the Witness and the Victim were sufficiently familiar with him to demonstrate reliability, that the Court cannot evaluate the independent reliability of the identification because the Victim and the Witness are not named, and that the Government has failed to sufficiently describe the identification procedure. Def. Reply at 3–4. But, he has submitted no sworn statements from an individual with personal knowledge of a disputed factual issue.[3] Therefore, Defendant has not established his entitlement to a *Wade* hearing.

---

[3] Defendant also cites *United States v. Crumble*, in which the court granted a *Wade* hearing to determine whether an identification procedure was unduly suggestive based on the identification procedures despite defendant not specifically alleging any irregularities, because "the defendant is not in a position to know about any improprieties." *United States v. Crumble*, No. 18 Cr. 32, 2018 WL 1737642, at *1 (E.D.N.Y. Apr. 11, 2018). However, because the

## CONCLUSION

For the reasons stated above, Defendant's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 12.

SO ORDERED.

Dated: September 9, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

Court concludes that there is an independently reliable basis for an in-court identification, the lack of information about the identification procedure does not necessitate a *Wade* hearing. *Id.* at *1–2 (denying a *Wade* hearing for the defendant whose single-photo identification procedure was unduly suggestive, because the witness's familiarity with the defendant created an independently reliable basis for an in-court identification).