# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718)783-8200 • FAX(718)783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

March 10, 2022

**BY ELECTRONIC MAIL**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *United States v. William Scott,* 21 Cr. 429 (AT)

Your Honor:

Together with Eylan Schulman, we represent Mr. William Scott in the above-referenced case.  With the trial only a month away and with jury selection scheduled for April 11, 2022, we write in response to the government's newest motion *in limine*, filed on March 7, 2022; and, yet another disclosure, made earlier today, regarding the government's intention to call a ballistics expert to analyze shell casings supposedly recovered from the incident location.  Mr. Scott respectfully requests that the Court reject the government's newest motion *in limine* and its untimely expert disclosure – the latest in a long string of untimely submissions and disclosures, each of which is unduly prejudicial to Scott and his counsel, given the lateness of the disclosures.

The newest *in limine* motion and expert disclosure is consistent with the government's pattern of discovery violations throughout this prosecution.  To the extent the Court intends to consider what amounts to the government's second unauthorized *in limine* filing (Dkt. Nos. 62 and 66), Scott requests until March 18, 2022, to respond.  If the Court intends to permit the government to allow their newest expert to testify, Scott will be constrained to request an adjournment of the trial to enable Scott to retain a ballistics expert to review, interpret and discuss the findings of the government's expert.  Additionally, Scott will ask the Court to schedule a *Daubert* hearing to assess the methodology used to form the expert's opinion, once our expert can review the materials.[1]

This Court ordered that motions *in limine* be filed by November 29, 2021, and those motions are now pending and await your Honor's determination.  Dkt. Nos. 32, 40, 41, 60, 61, 62, and 63.  The subject of the government's latest filing has nothing to do with newly

---

[1] This expert disclosure included multiple images of shell casings, NYPD ballistics analysis case conferral reports, and firearms lab reports, all generated only *after* requests by the AUSA's in charge of this prosecution on February 22, 2022.

The Honorable Analisa TorresUnited States v. Scott, 21 Cr. 429 (AT)
March 10, 2022

discovered information; rather, it addresses issues that should have been raised in the government's *in limine* motions months ago.  This is yet another distraction arising from the underlying fouls committed by the government, despite the Court's orders, and is, sadly, emblematic of Mr. Scott's prosecution.  The newest motion relates to: (1) the admissibility of an image from Scott's phone of a masked man sitting in front of what appears to be a black firearm and marijuana; (2) limiting the admission of police disciplinary files; and (3) an unusual request to limit the testimony of lead Detective Angel Reynoso to a few select questions of the government's choosing – separate from the authentication issues raised by the other lead detective, who, your Honor may recall, stored critical evidence, to wit, the original surveillance videos in his home for what we believe was more than a year – an officer who the government does not intend to call as a trial witness. This proposal by the government operates as a blatant violation of Mr. Scott's confrontation right, as it is tantamount to permitting only direct examination of Detective Reynoso.

The government represents that the photo of the firearm and marijuana was sent from Scott's phone on July 4, 2020, two weeks *after* the incident at issue.  If your Honor permits the government to offer this photo – which we would object to on several evidentiary grounds that we can address if your Honor requires further discussion – the defense will need time to investigate the legitimacy of the representation and to engage an expert to analyze the metadata related to the photograph, in addition to reviewing what is now up to at least the 25th discovery disclosure.  To be clear, counsel is not naïve to the reality that as a case develops, additional evidence may be discovered and disclosed; however, virtually all the government's late disclosures involve items that were known to the government from the inception of this case; i.e., the bullet and the video recordings.[2]  Moreover, the Court and the defense are left to wonder why this latest proffer is being made on the proverbial eve of trial, when the government has been in possession of this photograph since NYPD seized Mr. Scott's phone in June 2020, at the time of Mr. Scott's arrest.

To comply with the earlier Order of this Court, the newest motion by the government should have been made months ago.  Accordingly, we respectfully ask that the Court reject these most recent untimely applications.  To the extent the Court intends to consider the merits of the requests, Scott requests until Friday, March 18, 2022, to file opposing papers.

Your Honor's attention to this request is greatly appreciated.

Respectfully submitted,

*Susan G. Kellman*

Susan G. Kellman
Eylan Schulman

cc:All Counsel
William Scott

---

[2] Additionally, the Court is reminded that quite uncharacteristically, AUSA Rothman was involved in this case from Day 1, making the unending stream of late disclosures all the more inexplicable and unacceptable.