# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

April 10, 2022

**BY ELECTRONIC MAIL**
The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. William Scott,* 21 Cr. 429 (AT)

Your Honor:

  Defendant William Scott ("Scott") respectfully submits this supplemental motion *in limine* seeking an additional evidentiary ruling in advance of trial. This motion has become necessary based on recent correspondence and discussions with government counsel regarding a potential line of inquiry by its third scheduled witness, Lynette Philip. Notwithstanding that the defense has affirmatively represented to the government that we do not intend to challenge the fact that Ms. Philip and Mr. Scott had regular contact with each other – as they were neighbors at 760 E. 183rd St – the government has threatened that unless Scott "stipulates" that he and Ms. Philip had a "deep personal relationship" and on the day of the shooting Scott was "wearing a white tee shirt and red shorts", the government intends to elicit testimony from Ms. Philip regarding a drug dealing relationship that allegedly existed between the two – ostensibly to establish that the two knew each other. The government's position is absurd. The defense asks the Court to preclude any evidence of drug activities between Scott and witness Lynette Philip, pursuant to FRE 404(b) and FRE 403.

  After interviewing and debriefing Ms. Philip for almost two years – and never a peep about any drug activities – by Ms. Philip personally, or between Ms. Philip and Scott, the government now claims Ms. Philip regularly sold ecstasy to Scott in the year leading up to the June 23rd incident. Moreover, according to the government, Philip now claims, again, for the first time in two years, to have been planning to involve Scott in more expansive drug trafficking. Any such evidence is inadmissible character evidence and any reference to drug activities between Ms. Philip and Scott should be precluded under FRE 404(b) and 403.

  Conversely, Scott should be able to cross-examine Ms. Philip about her ecstasy-selling business – not to demean her character – but because it goes to Ms. Philip's: (1) reputation for truthfulness, in that she failed to disclose this activity until the eve of trial, notwithstanding countless previous interviews between her and the government; and (2) bias/motive for testifying favorably for the government, as set forth in FRE 608, as the government has made clear that it does not intend to prosecute Ms. Philip for her extensive drug distribution, as evidence by its request to have the Court add the conferral of immunity to its jury instructions.

The Honorable Analisa Torres                                     *United States v. Scott,* 21 Cr. 429 (AT)
April 10, 2022

  Rule 404(b) permits the introduction of uncharged acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); s*ee Hynes v. Coughlin*, 79 F.3d 285, 290 (2d Cir. 1996). To be admissible as proof of a defendant's intent or knowledge, the uncharged acts must be similar to the crimes to be tried. *United States v. Araujo*, 79 F.3d 7, 8; (2d Cir. 1996); *United States v. Clemente*, 22 F.3d 477, 482-83 (2d Cir. 1994). Rule 404(b) specifically prohibits the introduction of evidence of a "crime, wrong, or other act" "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *see Coughlin*, 79 F.3d at 290 ("Evidence of other acts is not admissible to prove that the actor had a certain character trait, in order to show that on a particular occasion he acted in conformity with that trait."). Thus, even under the Second Circuit's "inclusive" approach to other act evidence, such evidence is *not* admissible if: (1) it is offered to show a defendant's character or for some other improper purpose; (2) it is not relevant to a consequential issue at trial; or (3) its probative value is substantially outweighed by its possible prejudice. *See United States v. Edwards*, 342 F.3d 168, 176 (2d Cir. 2003) (citing *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 2003)). Here, the government's proffered testimony checks all three boxes: (1) improper purpose; (2) not relevant; and (3) unduly prejudicial.

  Rule 404(b) requires a higher and more specific quantum of relevance than is required by the general Rule 401 standard, and not all evidence that is relevant under Rule 401 is admissible under Rule 404(b). Rather, to be admissible, other act evidence must be "relevant to an issue *in dispute*." *United States v. Scott*, 677 F.3d 72, 81 (2d Cir. 2012) (emphasis in original) (discussing proper purpose). There, the prosecution introduced, over defense objection, testimony from two police detectives that they were familiar with Scott and had spoken to him on numerous occasions prior to his arrest in that case. Scott argued, as he does here, that admission of such testimony under Federal Rules of Evidence 404(b) and 403 was an abuse of discretion and that the error in admitting it was not harmless. Then, Scott conceded that he was present at the scene and did not argue that police witnessed someone else engage in a drug transaction. Here, Scott will not contend that he did not know Ms. Philips – they were neighbors. There, like here, challenging conceded recognition testimony can served no purpose other than to invite jury speculation about Scott's propensity to attract police contact.

  In other words, the prior act must be probative of a disputed issue at trial. For example, when prior bad act evidence is offered to prove a defendant's intent or knowledge, the relevant intention underlying the prior crime must be similar to that underlying the charged offense. *United States v. LaFlam,* 369 F.3d 153, 156 n. 1 (2d Cir. 2004) (*per curiam*); *see also United States v. Brand,* 467 F.3d 179, 197 (2d Cir. 2006) (government must show "similarity or some connection" of prior act evidence to charged crime, in order to establish that the prior act is relevant to a disputed element, such as intent); *United States v. Gordon,* 987 F.2d 902, 908 (2d Cir. 1993) (probative value of other-act evidence depends largely on whether or not there is a "close parallel" between the crime charged and the acts shown). In other words, the prior act conduct the Government seeks to admit must be "sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge inference advocated by the proponent of the evidence." *Gordon,* 987 F.2d at 908 (*citing United States v. Peterson*, 808 F.2d 969, 974 (2d Cir. 1987)).

The Honorable Analisa Torres											*United States v. Scott,* 21 Cr. 429 (AT)
April 10, 2022

      The heightened relevance required by Rule 404(b) is not negated by the Second Circuit's "inclusionary" approach. *United States v. Figueroa*, 618 F.2d 934, 939 n.2 (2d Cir. 1980). Rather, it requires the government to articulate how the proffered prior act evidence fits into a chain of logical inferences and that it is specifically offered for a proper purpose. *See Scott*, 677 F.3d at 81 ("[T]he prosecutor must show that the evidence is relevant, and there is no presumption that it is.") (quoting *United States v. O'Connor*, 580 F.2d 38, 40 (2d Cir. 1978); *see also United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (explaining that admission of 404(b) evidence is an abuse of discretion "if the evidence is not sufficiently similar to the charged conduct or if the chain of inferences necessary to connect the evidence with the ultimate fact to be proved is unduly long.") (internal citations omitted).

      Here, the Government has not identified any issue in controversy to which any aspect of the uncharged narcotics-related activities between Ms. Philip and Scott is relevant. As a pretext, the government claims it wishes to establish that Ms. Philip "knew" Scott at the time of the incident; this, however, is inconsistent with government's representation throughout the litigation and ignores the fact that Scott has no intention of making such an argument. Rather, the basis proffered by the government appears to be "propensity evidence in sheep's clothing." *United States v. McCallum,* 584 F.3d 471, 477 (2d Cir. 2009). That alone is a sufficient basis to exclude evidence concerning uncharged narcotics-based offenses. Indeed, the absence of any apparent relevance to the charged crimes lays bare the government's true purpose in introducing the uncharged offenses: to portray Mr. Scott as a drug dealer – which is – wholly irrelevant to the instant charges; unduly prejudicial; and offered for an improper purpose, to wit, to suggest that such a trait makes him more likely to have committed the charged offense. Quite simply, in this analysis – "the three strikes and you're out" rule must prevail.

      It is also noteworthy that the government intends to rely on the uncorroborated word of Ms. Philip as the fount from which this "evidence" will spring. Critically, the government has scant details about the alleged uncharged offenses – except to provide a few text messages suggesting Scott bought drugs from Ms. Philip on a number of occasions (apparently for personal use) – and the government does not suggest that these texts represent anything more. This is telling and underscores the fact that the uncharged drug-related activities are irrelevant to any disputed issue currently before this Court.

      We thank the Court for its continued attention and for the reasons stated, respectfully ask the Court to preclude any evidence of alleged drug activities between Scott and witness Lynette Philip.

                                          Respectfully submitted,

                                          *Susan G. Kellman*
                                          Susan G. Kellman
                                          Eylan Schulman

cc:    All Counsel

       William Scott